# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SHERI KLANCAR, | ) CASE NO.: 1:18cv149 |
| Plaintiff, | ) JUDGE: PATRICIA A. GAUGHAN |
| vs. | ) |
| PEOPLEFLUENT, INC., | ) **DEFENDANT'S MOTION TO** |
| Defendant. | ) **DISMISS THE COMPLAINT** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant PeopleFluent, Inc. ("Defendant") by its attorneys, Kauff McGuire & Margolis LLP and Benesch Friedlander Coplan & Aronoff LLP, upon (i) the annexed Memorandum of Law in Support of Defendant's Motion to Dismiss; and (ii) all prior pleadings and proceedings herein, moves this Court for an Order dismissing the Complaint of Plaintiff Sheri Klancar ("Plaintiff") for failure to state any claim upon which relief can be granted, and for such other relief as the Court may deem just and proper.

Dated: Cleveland, Ohio  
      March 19, 2018

Respectfully submitted,

KAUFF MCGUIRE & MARGOLIS LLP

By: /s/ Robert A. Zimmerman
   Kenneth A. Margolis, *admitted pro hac vice*
   (NY Bar 1710631)
   Michele A. Coyne, *admitted pro hac vice*
   (NY Bar 2753531)
   Kristina C. Hammond, *admitted pro hac vice* (NY Bar 4534251)

950 Third Avenue, Fourteenth Floor
New York, NY  10022
Telephone:    (212) 644-1010
Facsimile:    (212) 644-1936
Email:  margolis@kmm.com
Email:  coyne@kmm.com
Email:  hammond@kmm.com

Robert A. Zimmerman (Ohio Bar #0055478)
BENESCH FRIEDLANDER
 COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:    (216) 363-4500
Facsimile:    (216) 363-4588
Email:  rzimmerman@beneschlaw.com

*Attorneys for Defendant PeopleFluent, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SHERI KLANCAR,** | ) | CASE NO.: 1:18cv149 |
| | ) | |
| Plaintiff, | ) | JUDGE: PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| **PEOPLEFLUENT, INC.,** | ) | MEMORANDUM OF LAW IN |
| | ) | SUPPORT OF DEFENDANT'S |
| Defendant. | ) | MOTION TO DISMISS THE |
| | ) | <u>COMPLAINT</u> |

Defendant moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's Complaint because Plaintiff has failed to set forth factual allegations that state a claim upon which relief can be granted.  While purporting to state claims under a host of statutes, in actuality, Plaintiff has merely recited the legal standard under each statute without pleading concrete facts in support of her claims.  Because this formulaic recitation of the elements of each cause of action fails to meet the applicable pleading requirements, the Complaint should be dismissed.

## <u>THE COMPLAINT</u>

On January 19, 2018, Plaintiff filed a Complaint alleging claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and Chapter 4112 of the Ohio Revised Code ("Chapter 4112").  The Complaint, however, is completely devoid of facts.  For example, the Complaint does not identify who allegedly mistreated Plaintiff, to whom she

complained or who witnessed any of this conduct. Nor does Plaintiff plead facts concerning how she was allegedly mistreated or about what conduct she allegedly complained. The Complaint provides just one date: that of Plaintiff's termination. In short, instead of pleading facts that show Plaintiff is entitled to relief, the Complaint merely, and improperly, restates the elements of each cause of action.

## ARGUMENT

### 1. Applicable Legal Standard

In order to state a claim under Fed. R. Civ. P. 8(a)(2), the Complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Courts have been clear that "[a] pleading that offers . . . a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Instead, "the complaint [must] contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Currie v. Cleveland Metro. Sch. Dist.*, No. 1:15-cv-262, 2015 U.S. Dist. LEXIS 87311, at *4-5 (N.D. Ohio July 6, 2015) (Gaughan, J.); *see also Shaughnessy v. Interpublic Grp. of Cos.,* 506 Fed. Appx. 369, 372 (6th Cir. 2012) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (to survive a motion to dismiss, "the plaintiff must allege facts that, accepted as true, provide sufficient 'factual enhancement' to 'raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'"). Put another way, in order "to survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of

2

action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) *abrogated in part on other grounds by M & G Polymers, USA, LLC,* 135 S. Ct. 926 (2015)). Plaintiff's Complaint falls far short of this standard.

### 2. Plaintiff Has Failed to State a Claim of Sex Discrimination

Plaintiff's claim of sex discrimination fails as she has not pled sufficient facts to suggest a "right to relief above a speculative level." In order to state a claim of discrimination, a "plaintiff must show that she: (1) is a member of a protected class; (2) was subject to an adverse employment decision; (3) was qualified for the position; and (4) was treated differently than a similarly-situated individual outside the protected class." *Smith v. Bd. Of Trs. Lakeland Cmty. College*, 746 F. Supp. 2d 877, 894 (N.D. Ohio Sept. 28, 2010) (granting motion to dismiss sex discrimination claims under Chapter 4112 where plaintiff's "conclusory allegations" were "insufficient to make her sex discrimination claim plausible.")[1]

While Plaintiff has pled that she is a woman, she has not provided any detail concerning the adverse employment actions she allegedly suffered – there is no information concerning the dates of these events, who was involved, where they occurred, the details of the adverse actions, or anything to suggest that these actions were taken for discriminatory motives. Although she perfunctorily states that she was replaced by a man (whom she does not identify), she has provided no other facts to

---

[1] "[F]ederal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000(e) *et seq.*, Title 42, U. S. Code, is generally applicable to cases involving alleged violations of R. C. Chapter 4112." *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Com.*, 421 N.E.2d 128, 131 (Ohio 1981); *see also Williams v. Ford Motor Co.*, 187 F.3d 533, 538 (6th Cir. 1999).

3

suggest that any adverse actions were motivated by her gender. *Cf. Shaughnessy*, 506 Fed. Appx. at 374 (affirming denial of request for leave to amend where plaintiff's proposed amended claim for wrongful discharge failed to provide "dates or even approximate time frames, the individuals involved in his alleged reports of misconduct, the individuals involved in his termination, the specific retaliatory actions taken against him, or any facts—even circumstantial facts—from which this Court could infer that Plaintiff was terminated because he reported the misconduct of a fellow employee").

As the Sixth Circuit has held, "although Plaintiff's complaint need not present 'detailed factual allegations,' it must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could draw the reasonable inference that Defendants discriminated against Plaintiff with respect to [her] . . . gender." *Han v. Univ. of Dayton*, 541 Fed. Appx. 622, 626 (6th Cir. 2013) (internal citations omitted) (affirming dismissal of race and gender discrimination claims under § 1981 and Chapter 4112 where the complaint was "devoid of facts that would allow the Court to draw this inference"). Because Plaintiff has failed to set forth the necessary factual allegations, her sex discrimination claim is subject to dismissal.

### 3. Plaintiff Has Failed to State a Claim of Disability Discrimination or Failure to Accommodate

As with her sex discrimination claim, Plaintiff's bare-bones disability claim must be dismissed as it is completely lacking in any facts to support such a claim. In order to state a claim for discrimination under the ADA or Chapter 4112, "a plaintiff must show that (1) he is disabled; (2) he is otherwise qualified for the position with or without reasonable accommodation; (3) he suffered an adverse employment decision; (4) his employer knew or had reason to know of his disability; and (5) his position remained

4

open." *Currie v. Cleveland Metro. Sch. Dist.*, No. 1:15-cv-262, 2015 U.S. Dist. LEXIS 87311, at *7 (N.D. Ohio July 6, 2015) (Gaughan, J.) (internal citations and modifications omitted).[2] To assert a claim for failure to accommodate, Plaintiff "must allege sufficient facts, which if true, establish that: (1) she is disabled within the meaning of the ADA; (2) she is otherwise qualified for her position, with or without reasonable accommodation; (3) her employer knew or had reason to know about her disability; (4) she requested an accommodation; and (5) her employer failed to provide a reasonable accommodation." *Alessio v. United Airlines, Inc.*, No. 5:17-cv-1426, 2018 U.S. Dist. LEXIS 25120, at *13-14 (N.D. Ohio Feb. 15, 2018) (granting *pro se* plaintiff leave to amend to cure the fact that plaintiff failed to "set forth factual allegations that, if believed, would satisfy all of the elements of a *prima facie* case of failure to accommodate under the ADA"). Plaintiff's Complaint is bereft of any facts that would support any of these elements.

To start, "[a] complaint alleging an ADA violation is properly dismissed for failure to identify a disability." *Currie*, 2015 U.S. Dist. LEXIS 87311, at *8. Plaintiff never identifies her alleged disability, only pleading vaguely that "Plaintiff suffered from one or more impairments and serious health conditions, had a record of disability and suffered from a disability within the meaning of the ADA and Chapter 4112." Compl. ¶ 27. Plaintiff must "at a minimum, allege facts from which an inference can be drawn that [s]he was disabled under the ADA's definition." *Currie*, 2015 U.S. Dist. LEXIS 87311, at *8 (dismissing ADA claim "for failure to identify a disability", and denying a "perfunctory" request for leave to amend). Where, as here, a complaint fails "to identify, even in general terms" a disability or a "specific medical condition for which [plaintiff]

---

[2] "Given the similarity of the language used in the ADA and Chapter 4112, the Ohio Supreme Court has held that federal regulations and case law are applicable to disability discrimination claims brought under Chapter 4112." *Davis v. CEVA*, No. 1:12-cv-351, 2013 U.S. Dist. LEXIS 15964, at *8 (S.D. Ohio Feb. 5, 2013), citing *Columbus Civil Serv. Comm. v. McGlone*, 82 Ohio St. 569, 697 N.E.2d 204, 206-207 (1998).

5

was regarded as disabled," it must be dismissed. *Id.* (quoting *Thomas v. Dana Commercial Vehicle Prods., LLC*, 2014 U.S. Dist. LEXIS 44152 (W.D. Ky. April 1, 2014)); *see also Coleman v. Ford Motor Co.*, No. 3:04-cv-7590, 2005 U.S. Dist. LEXIS 12079, *6-7 (N.D. Ohio June 17, 2005) ("Any claim of disability discrimination that plaintiff's complaint might be read as asserting is barred due to plaintiff's failure to specify the allegedly disabling impairment."); *Amara v. ATK, Inc.*, Nos. 3:08-cv-0378, 3:08-cv-0427, 2009 U.S. Dist. LEXIS 76357, *10-12 (S.D. Ohio Aug. 5, 2009), *adopted by* 2009 U.S. Dist. LEXIS 76923 (S.D. Ohio Aug, 26, 2009) (granting motion to dismiss Chapter 4112 disability discrimination claim in part where plaintiff did "not refer to any specific disability he was laboring under").

      Plaintiff's Complaint also fails to identify any major life activities that were limited by her alleged disability, and "courts have found that the failure to allege any substantial limitations in a major life activity is grounds for dismissal." *Davis v. CEVA*, No. 1:12-cv-351, 2013 U.S. Dist. LEXIS 15964, at *6 (S.D. Ohio Feb. 5, 2013) (granting motion to dismiss ADA claim where plaintiff's references to an inability to work were not adequate to allege that he was substantially limited in a major life activity as he did not claim that "he was unable to work in a broad class of jobs or that Defendant perceived him as unable to work in a broad class of jobs"); *Johnson v. FreshMark, Inc.*, 337 F. Supp. 2d 996, 1001 (N.D. Ohio 2003), *aff'd*, 98 F. App'x 461 (6th Cir. 2004) (granting motion to dismiss ADA claim where plaintiff "failed to specify what major life activities have been affected by her condition."); *Bracken v. DASCO Home Med. Equip. Inc.*, 954 F. Supp. 2d 686, 701 (S.D. Ohio 2013) (granting motion to dismiss ADA and Chapter 4112 claims where plaintiff failed to make "any allegations as to the major life activity in which he was limited or perceived to be limited").

6

Plaintiff's failure to accommodate claim must also fail because she has conceded that she was able to do her job without an accommodation. The Complaint states that "[a]t or around the time of her termination, Plaintiff could safely and substantially perform the essential functions of her job with or without a reasonable accommodation and she otherwise met the established requirements of her position and duties." Compl. ¶ 33. Because Plaintiff could do her job without an accommodation, there can be no claim that PeopleFluent discriminated against her by failing to give her one. *See Black v. Wayne Center*, 225 F.3d 658, 2000 U.S. App. LEXIS 17567 at *9-10 (6th Cir. 2000) (holding summary judgment should have been granted for employer where plaintiff's response to defendant's motion for summary judgment "emphasize[d] that 'plaintiff was able to perform all the essential requirements of the job at the time she sought accommodation'" as there is no requirement that an employer "provide accommodations even for employees who, although disabled, are able to perform the essential functions of the job without accommodation").

Plaintiff's failure to accommodate claim should also be dismissed because she does not identify what accommodation she requested for her unspecified disability, to whom she made the request, or when she made the request. Rather Plaintiff baldly alleges that she "requested disability accommodations" and PeopleFluent "fail[ed] to initiate an interactive process and fail[ed] to provide reasonable accommodation." Compl. ¶ 31, 32. Plaintiff cannot maintain this claim where "it is altogether uncertain when Plaintiff became disabled, when [s]he requested reasonable accommodations, what accommodations [s]he requested," "when Defendant[] refused those accommodations, and [its] justification for refusing the same." *Riley v. Picciano*, No.

7

2:13-cv-00911, 2014 U.S. Dist. LEXIS 118156, at *9-10 (S.D. Ohio Aug. 25, 2014) (granting defendant's motion for judgment on the pleadings).

With respect to the alleged discriminatory adverse actions, although Plaintiff provides a laundry list of slights she was allegedly subjected to, she has failed to allege any dates for when any of the events occurred, any names of who was involved, or any nexus connecting these events to her alleged disability or request for an accommodation.  *See Riley*, 2014 U.S. Dist. LEXIS 118156, at *11.

Because Plaintiff has failed to allege any of the necessary elements for claims of disability discrimination or failure to accommodate, these claims should be dismissed.

### 4.  Plaintiff Has Failed to State a Claim of Retaliation

As with her discrimination claims, Plaintiff's retaliation claims should be dismissed as she has failed to allege sufficient "factual enhancement."  To state a claim for retaliation, "a plaintiff must show that: (1) she engaged in protected activity; (2) her employer knew she participated in the activity; (3) she suffered an adverse employment action; and (4) there is a causal connection between the protected activity and the adverse action."  *Smith v. Bd. Of Trs. Lakeland Cmty. College*, 746 F. Supp. 2d 877, 900 (N.D. Ohio Sept. 28, 2010); *Riley v. Picciano*, No. 2:13-cv-00911, 2014 U.S. Dist. LEXIS 118156, at *8-9 (S.D. Ohio Aug. 25, 2014) (quoting *Barnett v. Dep't of Veterans Affairs*, 153 F.3d 338, 343 (6th Cir. 1998)).  Because Plaintiff has failed to provide adequate facts to make either of these claims "plausible," they must be dismissed.

First, it is unclear what, if any, protected activity Plaintiff allegedly engaged in.  Although she states that she complained about "gender discrimination with respect to her treatment by managers and supervisors of Defendant, including but not limited to her treatment by a vice president of account management," she provides no specifics

8

regarding these complaints. Compl. ¶ 17. With respect to her disability claim, as outlined above, Plaintiff does not adequately allege that she had a disability, let alone provide any details concerning the alleged request she made for an accommodation. Compl. ¶ 33.

Although Plaintiff alleges that the same adverse actions were taken against her in retaliation for her protected activity under both her sex and disability claims, neither list of wrongs provides any detail concerning who allegedly engaged in this activity, when or where it occurred, or what exactly happened, and thus her claims should be dismissed. Compl. ¶¶ 20, 35. *See Miller v. Food Concepts Int'l LP*, No. 2:13-cv-0124 et al., 2014 U.S. Dist. LEXIS 6544, at *32 (S.D. Ohio Jan. 17, 2014), *adopted by* 2014 U.S. Dist. LEXIS 19917 (S.D. Ohio Feb. 18, 2014) (dismissing Chapter 4112 retaliation claim where "[n]o helpful time frame is given, the nature of the complaints is not stated, and the person to whom the complaints were made is not identified. Further, nowhere in the tendered amended complaint does it allege which defendant took what action when to retaliate for Miller's engaging in protected activity. In short, the tendered amended complaint fails to give defendants fair notice of the retaliation claims asserted against them").

Finally, Plaintiff has failed to provide any facts that would suggest that the allegedly retaliatory behavior was undertaken because of either her complaints about sex discrimination or her request for an accommodation. Even assuming Plaintiff had requested a reasonable accommodation, which could constitute protected activity for the sake of her retaliation claim, she has not "ple[]d any facts to indicate that there was a causal connection between [her] requests for accommodation related to [her] disability and the adverse actions taken against [her]," and thus this prong of her claim fails as

9

well. *Riley*, 2014 U.S. Dist. LEXIS 118156, at *9. Nor has she alleged any facts which provide a link between her alleged complaints about sex discrimination and the adverse actions to which she was subjected. Notably, the Complaint alleges the same list of actions were both discriminatory and retaliatory, making it clear Plaintiff has not adequately identified what adverse actions were allegedly retaliatory. Compl. ¶¶ 20, 35. Because Plaintiff has failed to adequately state any claim of retaliation, these claims should be dismissed.

### 5. Plaintiff Has Failed to State a Claim of Family and Medical Leave Act Interference or Retaliation

As with her other claims, Plaintiff's claims of retaliation and interference under the Family and Medical Leave Act should be dismissed as Plaintiff has failed to provide more than "a formulaic recitation of the elements of a cause of action[, which] will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order "[t]o prevail on an interference claim under the FMLA, a plaintiff must establish that (1) [s]he is an eligible employee; (2) the defendant is an employer; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of [her] intention to take leave; and (5) the employer denied FMLA leave to which the employee was entitled." *Mishak v. Akron Public Schools*, No. 5:09-cv-351, 2009 U.S. Dist. LEXIS 65878, at *4 (N.D. Ohio July 28, 2009). To state a claim of retaliation, "Plaintiff must allege that she (1) engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the adverse employment action and the protected activity." *Denton v. Fairfield Med. Ctr.*, No. 2:11-cv-0716, 2012 U.S. Dist. LEXIS 87983, at *8 (S.D. Ohio June 26, 2012) (internal citations omitted).

The case of *Dhillon v. Cleveland Clinic Foundation*, No. 5:07-cv-3505, 2009 U.S. Dist. LEXIS 27255 (N.D. Ohio Mar. 31, 2009), is strikingly similar to the one at hand. In *Dhillon*, the court dismissed the plaintiff's FMLA claims because, like in this case, "[t]he inescapable conclusion is that [Plaintiff] has asserted the skeleton of this claim in the hopes that discovery will support it[,]" and as a result, the court dismissed plaintiff's claims as they "fall short of the notice pleading standard[.]" *Id.* at *11-12. The complaint in *Dhillon* was similarly lacking in detail: "[w]hile Plaintiff has made bare assertions regarding the elements of an FMLA claim under either theory, she has clearly avoided stating any specifics . . . Plaintiff has alleged that she was entitled to leave because of 'her serious medical conditions'; that Defendant refused to provide that leave and interfered with and retaliated against Plaintiff's attempts to take leave; and that, as a result, Plaintiff suffered various damages." *Id.* at *9-10. The plaintiff "at no time identifies her 'serious medical conditions.' She does not provide the dates on which she informed Defendant of those conditions. Other than [one date], she does not provide dates on which she sought accommodations or the names of the people with whom she spoke regarding her conditions or her need for accommodation. She does not provide the dates on which she sought medical leave under the FMLA." *Id.* at *10-11. Because of this insufficient pleading, she failed to "give Defendant an idea of the medical conditions and events giving rise to her claims, the facts surrounding those claims, and the statutory authority for the claims." *Id.* at *11. As the Court noted, the plaintiff "is clearly aware of her 'serious medical conditions' and the time frame within which she sought accommodations or leave from Defendant. She is likewise aware of the specific accommodations or leave she sought and the individuals with whom she discussed these accommodations or the use of leave time." *Id.* Because in this case, Plaintiff has

11

provided even fewer details than those alleged in *Dhillon*, her claim must also be dismissed.

Focusing on the specific elements of her FMLA claims, Plaintiff has failed to allege any facts sufficient to show that she was eligible for leave under the FMLA, merely stating in a conclusory fashion that she was "an eligible employee within the meaning of the FMLA" and that she "suffered from one or more serious health conditions within the meaning of the FMLA." Compl. ¶ 42, 40. Neither is sufficient. In *Mishak v. Akron Public Schools*, the court dismissed an FMLA claim where the plaintiff made a nearly identical allegation – that he "was eligible to receive FMLA leave" – because an "unsupported legal conclusion of eligibility for FMLA leave does not state a claim for relief." *Mishak*, 2009 U.S. Dist. LEXIS 65878, at *6. Indeed, in *Mishak* the plaintiff had pled more than Plaintiff does here, claiming that he "worked the requisite number of hours." *Id.* at *4. This too, however, was "a bare legal conclusion that is insufficient as a matter of law to state a claim for relief." *Id.* Courts have also dismissed FMLA claims for failing to identify the actual medical condition. *See Dhillon*, 2009 U.S. Dist. LEXIS 27255 at *10; *Weiler v. Draper Chevrolet Co.*, No. 12-cv-12402, 2012 U.S. Dist. LEXIS 122866, at *8 (E.D. Mich. Aug. 29, 2012) (dismissing FMLA claim where plaintiff pled only that she had an unspecified "illness," as "modern pleading requires more than mere possibility" that such an illness might constitute a serious medical condition). Because she has not even adequately pled that she was eligible for leave under the FMLA, Plaintiff's claims must be dismissed.

With respect to her interference claim, Plaintiff has failed to "allege a single fact that would suggest that the Defendant denied her benefits or interfered with her FMLA rights" and thus her claim must be dismissed. *See Denton*, 2012 U.S. Dist. LEXIS

12

87983, at *7.  Plaintiff says simply that PeopleFluent interfered with her leave, without any specifics.  Without these necessary allegations, Plaintiff's interference claim must be dismissed.

Plaintiff's FMLA retaliation claim also must be dismissed because she has "failed to allege sufficient facts from which the court could plausibly infer that there was a causal connection between the adverse employment action and the protected activity." *See Denton*, 2012 U.S. Dist. LEXIS 87983, at *9-10 (granting motion to dismiss where "[t]he only factual allegation contained within the Amended Complaint which might be relied upon to establish a causal connection is the temporal proximity between the taking of FMLA leave and the termination. This single allegation, however, is insufficient to plausibly state a claim for relief.").  Plaintiff has not even provided any dates that might suggest temporal proximity between her leave and her termination.  Instead, Plaintiff only states that "Defendant . . . terminated Plaintiff's employment because she had requested and taken a period of leave to which she was entitled under the FMLA."  Compl. ¶ 44.  As with *Denton*, "Plaintiff has made no allegation of any other retaliatory conduct, such as being harassed or otherwise mistreated, from which the court could conclude that Plaintiff has alleged a sufficient causal connection between the exercise of her FMLA rights and . . . the termination." *Denton*, 2012 U.S. Dist. LEXIS 87983, at *10.

As Plaintiff has failed to provide sufficient facts to which Defendant could properly respond, her claims must be dismissed.

13

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint against Defendant should be dismissed in its entirety.  Defendant further requests that it be awarded attorneys' fees, costs, expenses and such further relief as the Court deems just and proper.

Dated:  Cleveland, Ohio  
        March 19, 2018

Respectfully submitted,

KAUFF MCGUIRE & MARGOLIS LLP

By: /s/ Robert A. Zimmerman  
    Kenneth A. Margolis, *admitted pro hac vice*  
    *(NY Bar 1710631)*  
    Michele A. Coyne, *admitted pro hac vice*  
    *(NY Bar 2753531)*  
    Kristina C. Hammond, *admitted pro hac vice (NY Bar 4534251)*

950 Third Avenue, Fourteenth Floor  
New York, NY  10022  
Telephone:    (212) 644-1010  
Facsimile:     (212) 644-1936  
Email:  margolis@kmm.com  
Email:  coyne@kmm.com  
Email:  hammond@kmm.com

Robert A. Zimmerman (Ohio Bar #0055478)  
BENESCH FRIEDLANDER  
 COPLAN & ARONOFF LLP  
200 Public Square, Suite 2300  
Cleveland, Ohio 44114-2378  
Telephone:    (216) 363-4500  
Facsimile:     (216) 363-4588  
Email:  rzimmerman@beneschlaw.com

*Attorneys for Defendant PeopleFluent, Inc.*

14

## **LOCAL RULE 7.1(f) CERTIFICATION**

This case has not yet been assigned to a track.  The parties, in their Report of Planning Meeting, will ask that this case be assigned to the Standard Track.  This Memorandum adheres to the page limitations of the Standard Track as set forth in L.R. 7.1(f).

Dated:  Cleveland, Ohio
       March 19, 2018

Respectfully submitted,

KAUFF MCGUIRE & MARGOLIS LLP

By: /s/ Robert A. Zimmerman
   Kenneth A. Margolis, *admitted pro hac vice* (NY Bar 1710631)
   Michele A. Coyne, *admitted pro hac vice* (NY Bar 2753531)
   Kristina C. Hammond, *admitted pro hac vice* (NY Bar 4534251)

950 Third Avenue, Fourteenth Floor
New York, NY  10022
Telephone:    (212) 644-1010
Facsimile:     (212) 644-1936
Email:  margolis@kmm.com
Email:  coyne@kmm.com
Email:  hammond@kmm.com

Robert A. Zimmerman (Ohio Bar #0055478)
BENESCH FRIEDLANDER
 COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:    (216) 363-4500
Facsimile:     (216) 363-4588
Email:  rzimmerman@beneschlaw.com

*Attorneys for Defendant PeopleFluent, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2018, a copy of the foregoing Defendant's Motion to Dismiss the Complaint and Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/Robert A. Zimmerman
Robert A. Zimmerman
*One of the Attorneys for Defendant*
*PeopleFluent, Inc.*

10970289 v1